Dear Senator Uthlaut:
This opinion is in response to your questions asking:
 HB 1069 passed by the second session of the Missouri General Assembly in 1982 amended chapter 205 RsMo by authorizing county hospital boards of trustees to elect from its members its own treasurer. Previously, the treasurer of the county court served as treasurer of the county hospital, having no vote on the board. HB 1069 becomes effective August 13, 1982.
 County courts pursuant to section 205.160 have the authority to issue general obligation bonds and use the proceeds to build hospital facilities. Under the new amendment authorizing a county hospital board to elect its own treasurer, does responsibility and control over the general obligation bonds and related funds transfer to the new treasurer elected by the hospital board of trustees; or is the county treasurer required to retain responsibility and control over the funds and bonds since it is the county court which has the authority to issue the bonds? Would the answer to this question be different in the case of issuance of revenue bonds by the county court pursuant to section 205.161 RSMo?
House Bill No. 1069, Second Regular Session, 81st General Assembly, effective August 13, 1982, amended Section 205.190, RSMo Supp. 1981, as well as other statutes not relevant here.
The amendment to Section 205.190 added provisions relating to the office of hospital treasurer. Subsection 1 of Section205.190 provides that the board of hospital trustees elect one of its members as treasurer. Subsection 3 of Section 205.190 provides that the board may require a bond of the treasurer. It further provides that "all moneys received for such hospital shall be credited to the hospital and deposited into the depositary thereof for the sole use of such hospital in accordance with the provisions of sections 205.160 to 205.340", and that "[a]ll funds received by each such hospital shall be paid out only upon warrants ordered drawn by the treasurer of the board of trustees of said hospital upon the properly authenticated vouchers of the hospital board."
Section 205.160, RSMo, provides:
 The county courts of the several counties of this state are hereby authorized, as provided in sections 205.160 to 205.340, to establish, construct, equip, improve, extend, repair and maintain public hospitals, and may issue bonds therefor as authorized by the general law governing the incurring of indebtedness by counties.
The statutory law governing the issuance of general obligation bonds is contained in Sections 108.010, et seq., RSMo. Section108.110, RSMo, provides:
 The moneys derived from the sale of such bonds shall be deposited in the county treasury, and the county clerk shall charge the treasurer therewith. And the said moneys shall be drawn from the treasury upon the order of the court for the purposes for which the bonds were issued.
Further, it seems clear that the provisions of Section 108.180, RSMo, which require a separate fund for the proceeds from the sale of general obligation bonds and all moneys derived from the tax levy for interest and sinking fund for the payment of the bonds, refer to the county treasury.
Insofar as general obligation bonds are concerned, the amendment to Section 205.190 has not changed the duty of the county treasurer with respect to such general obligation bonds. Therefore, in answer to your first question, when general obligation bonds are issued by the county court pursuant to Section 205.160
the county treasurer has the responsibility for the funds relating to such bonds.
Your second question asks whether the answer would be different in the case of revenue bonds issued by the county court pursuant to Section 205.161, RSMo Supp. 1981.
Section 205.161, RSMo Supp. 1981, provides:
 1. In addition to the bonds authorized by section 205.160, the county court in any county exercising the rights conferred by sections 205.160 to 205.340 may issue and sell revenue bonds for the purpose of providing funds for the acquisition, construction, equipment, improvement, extension and repair, and furnishing of hospitals and related facilities, including medical office buildings to provide offices for rental to physicians or dentists on a hospital's medical staff, and the providing of sites therefor, including off-street parking space for motor vehicles. Such revenue bonds shall be payable, both as to principal and interest, solely from the net income and revenues arising from the operation of the hospital or the related facility or facilities, or of the hospital and the related facility or facilities, after providing for the costs of operation and maintenance thereof, or from other funds made available from sources other than from proceeds of taxation.
 2. Any bonds issued under the provisions of sections 205.161 to 205.169 shall not be deemed to be an indebtedness of the state of Missouri, or of any county, or of the board of trustees of any such hospital, or of the individual members of any such board of trustees, and shall not be deemed to be an indebtedness within the meaning of any constitutional or statutory limitation upon the incurring of indebtedness. (Emphasis added.)
Under Section 205.161 revenue bonds are payable both as to principal and interest from the net income and revenues arising from the operation of the hospital or the related facility or facilities, or of the hospital and the related facility or facilities, after providing for the cost of operation and maintenance thereof. The effect of the amendment to Section 205.190 is to place the responsibility for the revenue bond funds in the treasurer of the county hospital board of trustees instead of the county treasurer.
CONCLUSION
It is the opinion of this office that the amendment of Section205.190, RSMo Supp. 1981, by House Bill 1069, Second Regular Session, 81st General Assembly, which provides for the office of treasurer of the county hospital board of trustees, does not affect the duty of the county treasurer with respect to general obligation bonds issued under Section 205.160, RSMo, but does place the responsibility for funds received from the issuance of revenue bonds and for revenue collected for payment of principal and interest, under Section 205.161, RSMo Supp. 1981, in the treasurer of the county hospital board of trustees.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General